Keith A. GJERSWOLD and Dorothy
Gjerswold, Plaintiffs,

v.

AMERICAN LINEN SUPPLY COMPA-
NY, a Delaware Corporation; American
Uniform Company, a Minnesota Corpo-
ration; Steiner Corporation, a Nevada
Corporation; Graniteville Company, a
South Carolina Corporation, Defen-
dants.

Richard W. SCHNELLBACH, Plaintiff,

v.

AMERICAN LINEN SUPPLY COMPA-
NY, a Delaware Corporation; American
Uniform Company, a Minnesota Corpo-
ration; Steiner Corporation, a Nevada
Corporation; Graniteville Company, a
South Carolina Corporation, Defen-
dants.

Nos. CIV. A2–94–117, CIV. A2–94–118.

United States District Court,
D. North Dakota,
Northeastern Division.

Jan. 28, 1997.

See also: 951 F.Supp. 901.

Grant H. Shaft, Shaft, Reiss, Ingstad & Shaft, Grand Forks, ND, for Keith and Dorothy Gjerswold, Richard Schnellbach.

Stephen W. Plambeck, Nilles, Hansen & Davies, Ltd., Fargo, ND, for American Linen Supply Co.

David J. Hogue, Pringle & Herigstad, P.C., Minot, ND, for American Uniform Co.

Gerald J. Haga, Camrud, Maddock, Olson & Larson, Ltd., Grand Forks, ND, for Graniteville Corp.

Joel A. Flom, Jeffries, Olson, Flom & Hogan, P.A., Moorhead, MN, for Steiner Corp.

## MEMORANDUM AND ORDER

WEBB, Chief Judge.

Before the court is defendant American Linen Supply Company's motion for summary judgment (docket # 137). Plaintiffs resist the motion. Defendant American Uniform Company also resists the motion.

### FACTS

On October 3, 1990, plaintiff Keith Gjerswold, a Service Manager at Cummins Diesel in Grand Forks, North Dakota, was assisting Richard Schnellbach, a mechanic, in using a cutting torch to remove a muffler from the exhaust pipe of a diesel truck. An explosion occurred igniting Schnellbach's work coveralls and Gjerswold's work shirt and pants. Both were severely burned.

Gjerswold and Schnellbach (hereinafter "plaintiffs") commenced lawsuits alleging that the fabric used in the manufacture of the coveralls, work shirts, and work pants, had dangerous flammable characteristics, and that these characteristics were not communicated to their employer, Cummins Diesel. Plaintiffs brought actions, which have now been consolidated, against Graniteville Company, the manufacturer of the fabric; American Uniform Company (hereinafter "American Uniform"), which purchased the fabric from Graniteville and used it in manufacturing the garments; and American Linen Supply Company (hereinafter "American Linen"), which purchased the garments from American Uniform Company and contracted with Cummins Diesel to supply its employees with coveralls, work shirts and pants. The plaintiffs' complaints were later amended to add the Steiner Corporation (hereinafter "Steiner"), which holds a fifty-percent stock ownership interest in American Uniform. The action is based on theories of negligence, strict liability, and breach of warranty. Mr. Gjerswold's wife, Dorothy Gjerswold, joins in the action alleging loss of consortium.

### SUMMARY JUDGMENT STANDARDS

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Summary judgment is improper if the court finds a genuine issue of material fact; however, the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion. *Vacca v. Viacom Broadcasting of Mo., Inc.,* 875 F.2d 1337, 1339 (8th Cir.1989). "Summary judgment 'should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy.'" *Id.* (quoting *Snell v. United States,* 680 F.2d 545, 547 (8th Cir.), *cert. denied,* 459 U.S. 989, 103 S.Ct. 344, 74 L.Ed.2d 384 (1982)).

### DISCUSSION

Defendant American Linen brings its motion for summary judgment on several grounds. Plaintiffs and American Uniform resist the motion on all grounds. Each of the grounds will be addressed in turn. At the outset, it should be noted that American Linen previously made a motion to dismiss which this court decided on April 25, 1995

(docket # 38). In that motion, American Linen argued for its dismissal from this action on virtually identical grounds as it now moves for summary judgment. This court was not persuaded by American Linen's arguments in 1995, nor is it now persuaded.

■ American Linen initially argues that it does not fit within the definitions of a "seller" or a "manufacturer," pursuant to section 28–01.1–06 of the North Dakota Century Code, and thus is not a proper defendant in this action. American Linen argues that it was merely a party to a service contract and therefore not a "seller" or "manufacturer." However, American Linen's argument fails to take into consideration the clear language of section 28–01.1–06. As the plaintiffs note, the definitions of section 28–01.1–06 provide that:

(1) "Manufacturer" means a person or entity who designs, assembles, fabricates, produces, constructs, or otherwise prepares a product or a component part of a product prior to the sale of the product to a user or consumer. The term includes any seller of a product who is owned in whole or in significant part by the manufacturer or who owns, in whole or significant part, the manufacturer.

. . . . .

(3) "Seller" means any individual or entity, including a manufacturer, wholesaler, or distributor, or retailer, who is engaged in the business of selling or leasing any product for resale, use, or consumption.

N.D.C.C. § 28–01.1–06(1). In this court's opinion, it is clear by statutory definition that American Linen may be a "manufacturer" by virtue of the fact it owns 50% of American Uniform, and was within the chain of distribution of the alleged defective clothing. At best, American Linen's argument raises a genuine issue of material fact of whether the transaction between itself and Cummins Diesel was a lease or sale.

■ American Linen next argues that it is entitled to protection from liability as a corporate shareholder of American Uniform, the actual manufacturer of the alleged defective clothing. American Linen's argument is based on its belief that Minnesota law should apply to determine when a Minnesota corporation's corporate veil can be pierced. Plaintiffs and American Uniform respond by arguing that this is not a traditional veil piercing case, and instead, chapter 28–01.1 of the North Dakota Century Code is the applicable law. This court is not persuaded by American Linen's argument. American Linen is a named defendant in this products liability action not only because of its status as a major shareholder in American Uniform, but also because of its own conduct, being within the chain of distribution of the alleged defective clothing. § 28–01.1–06(1). North Dakota clearly has more significant contacts than Minnesota to the plaintiffs' products liability claims against American Linen. Minnesota's only contact to the plaintiffs' cause of action is the fact that it is American Uniform's state of incorporation. Therefore, in this court's opinion, the North Dakota choice of law rules clearly call for the application of North Dakota products liability law to the plaintiffs' claims in this case. *See Kenna v. So–Fro Fabrics, Inc.,* 18 F.3d 623 (8th Cir.1994) (applying North Dakota choice of law rules).

■ American Linen's final argument is that if chapter 28–01.1 is applied to it and its shareholder protection is disregarded, its constitutional rights of due process and equal protection will be infringed upon. American Linen further argues that chapter 28–01.1 on its face violates the Commerce Clause of the United States Constitution by unreasonably impeding interstate commerce. While American Linen presents interesting constitutional arguments regarding shareholder limited liability, the court, just as it was in 1995, is not persuaded. In this court's opinion, shareholder limited liability is a legislatively created protection that may be legislatively tailored when necessary. Therefore, the court finds no constitutional infirmity in the application of chapter 28–01.1 to American Linen in this case.

## CONCLUSION

For the reasons stated above, defendant American Linen Supply Company's motion

for summary judgment (docket # 137) is **DE-NIED.**

**IT IS SO ORDERED.**